UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| IVERNON WISEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:22-cv-00155-JPH-DLP |
| ) | |
| STATE OF INDIANA, ) | |
| ATTORNEY GENERAL OF THE STATE OF ) | |
| INDIANA, THE, ) | |
| ) | |
| Respondents. ) | |

## ORDER GRANTING RESPONDENT'S UNOPPOSED MOTION TO DISMISS

Ivernon Wiseman ("Mr. Wiseman") filed a petition for a writ of habeas corpus, dkt. 2, to which this Court ordered the respondent to show cause why the petition should not be granted, dkt. 6. Thereafter, the respondent filed a motion to dismiss, alleging that the deprivation of earned credit time that the petitioner wants restored was applied to a sentence that has already expired and, therefore, nothing this Court does could have any impact on the duration of his custody. As of the date of this Order, Mr. Wiseman has not filed a reply.[1] For the reasons set forth below, the respondent's motion to dismiss, dkt. [13], is **granted** and this action is dismissed as moot.

### I.    Factual Background

Mr. Wiseman received a six-year sentence in the Indiana Department of Correction ("IDOC") for dealing drugs. While incarcerated, on February 14, 2022, Mr. Wiseman was found guilty of violating IDOC Offense Code B 240/247 for conspiracy to possess unauthorized personal

---

[1] The Court notes that mail was returned as undeliverable on June 20, 2022, prior to the respondent's filing of the motion to dismiss, *see* dkt. 12, and after the filing of the motion to dismiss, *see* dkts. 15 and 16. The respondent served the motion on Mr. Wiseman using the most recent address in the IDOC's offender information system. *See* dkts. 12, 15, and 16. It is Mr. Wiseman's obligation to keep the Court updated with his current address.

1

information. Dkt. 2-1 at 1. His sentence included the loss of 30 days of earned credit time, which was suspended. Dkt. 13-1. The respondent notes that while the sentence was originally suspended, the sanction was ultimately imposed due to a subsequent prison disciplinary conviction. Dkt. 13 at 2, n. 2. Mr. Wiseman filed his habeas petition challenging the disciplinary conviction on April 19, 2022, and was released to parole on June 19, 2022.[2] He will remain on parole for less than two years, ending on his maximum release date ("MRD") of October 9, 2023. Dkt. 13-3.

## II. Legal Standard

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. Prisoners may allege such a violation by bringing a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Parole is a form of custody, and under Indiana law, "parole never lasts more than two years, or the end of the sentence, whichever comes first." *Id.* (citing Ind. Code § 35-50-6-1). There is thus a "link between good-time credits and release on parole." *Id.* If the loss of good-time credits

---

[2] *See* Indiana Incarcerated Database Search (last visited 09/30/22).

2

extends the petitioner's release date such that it extends the date on which the petitioner's parole ends, then the habeas petition could affect the duration of the petitioner's custody and release to parole does not render a petition moot. *Id.* But if the loss of good-time credits does not extend the date on which parole ends, the petitioner's release from prison to parole renders the habeas petition moot. *Id.*

### III. Discussion

Here, Mr. Wiseman's parole will end on his MRD of October 9, 2023, regardless of whether he impermissibly lost 30 days of good-time credit or not. *See* dkt. 13 at 3–4. Therefore, because his loss of good-time credits did not extend the date his parole will be terminated, his habeas petition cannot affect the duration of his custody, the habeas action is moot, *see id.*, and an action which is moot must be dismissed for lack of jurisdiction, *see Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

### II. Conclusion

Accordingly, the respondent's unopposed motion to dismiss, dkt. [13], is **GRANTED**. Mr. Wiseman's petition for a writ of habeas corpus is **MOOT** and is therefore **DISMISSED for lack of jurisdiction**.

Final judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date: 11/1/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

IVERNON WISEMAN, 138441
PUTNAMVILLE CORRECTIONAL FACILITY
Greencastle, IN 46135
Electronic Service Participant – Court Only

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov